MARSHALL & E. T. RY. CO. v. WALDROP et al.

(Court of Civil Appeals of Texas. Texarkana. Jan. 23, 1913. Rehearing Denied Feb. 6, 1913.)

1. RAILROADS (§ 348*)—CROSSING ACCIDENTS —ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action for injuries sustained in a crossing accident, evidence *held* to support a finding of the jury that those in charge of the train were negligent, and that plaintiff was not guilty of contributory negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1138–1150; Dec. Dig. § 348.*]

2. TRIAL (§ 260*)—INSTRUCTIONS COVERED BY OTHER INSTRUCTIONS.

The refusal of a special charge was not error, where another special charge covering the same point and correctly stating the law was given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Harrison County.; H. T. Lyttleton, Judge.

Action by E. E. Waldrop and others against the Marshall & East Texas Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

See, also, 141 S. W. 315.

In the southeastern part of the city of Marshall, and at the easterly end of the appellant's railway yards, a public dirt road, running about north and south, crosses the appellant's main line track, which runs practically east and west at that place. The dirt road approach on the north, or the west side of the track, is a dump about five or six feet high. At a point next the west side of the crossing a side track connects with the main line track. Appellee Waldrop is a dairyman living two miles southeast of Marshall. In the early morning of August 20, 1909, he was coming from his home, traveling in a milk wagon having a top with a door in the side and back, loaded with cans of milk, in company with his three children, for the purpose of delivering milk to his customers. He drove in the public road to a point about 20 steps from the railway crossing, and there stopped his team and wagon. According to the testimony offered by appellee, an engine with a box car backed from the west on the main line at the time and stopped on the main line at a point west of the crossing, with the east end of the box car resting about six or eight feet from the west side of the crossing. When the engine and car stopped, the fireman on the engine motioned with his hand direct to appellee to drive on across the track, and, acting upon the signal, he started across the track, and about the time the team got on the crossing between the rails the engine suddenly moved eastward, and on seeing the movement appellee urged his team rapidly forward, but failed to get the wagon far enough across to prevent the box car striking the hind wheels and knocking them sidewise off the dump, causing the wagon and team and appellee all to fall together down the dump. The appellee was injured in the fall. According to the testimony offered by appellant, an engine of a work train, headed west, with a box car on the east end of it, backed up the main line to enter the siding to pick up cars there, and upon reaching the crossing the brakeman turned the switch to let the engine and car into the siding. The trainmen testified that signals were given for the engine to back up on the siding, but they gave no motions or signals for appellee to come over the crossing. The evidence of appellant went to show that the engine or car did not strike the wagon, but that the team in crossing the track, after the engine and car got on the siding, became frightened at the noise from the movements of the engine on the siding, and so acted as to cause the wagon to turn over down the embankment. There was also some evidence on the part of the witness Marshall tending to show that the team got frightened while on the crossing and ran down the dump as the engine and car were approaching the crossing from the west. By the evidence appellee may have been injured in the manner claimed by him, by the engine running against the wagon and knocking it over and down the dump, or he may have been injured in the manner shown in the evidence of appellant's witnesses, by the team taking fright at the exhaust of the engine moving on the siding, or by the team becoming frightened and turning away from the engine and car upon the near approach of the car to them while they were on the crossing. The verdict of the jury involves the

---

finding of negligence, which is supported by the evidence, on the part of the operatives in charge of the engine; and the evidence warrants the finding, as involved in the verdict, of either method by which the injury was caused, whether by the engine striking the wagon, or by fright to the team while on the crossing, occasioned by the engine and car being operated too near them at the time. As to whether the fireman actually motioned direct to appellee to come across while the engine was standing, intending him to act on the signal, was a fact to be determined by the jury, as peculiarly within the province of the jury. In deference to the findings of the jury, as involved in their verdict, and assuming, as we must, the truth of the facts on which the verdict is based, the finding is here made that appellant's employés were guilty of negligence as pleaded by appellee, proximately causing the injury, and the appellee was not guilty of contributory negligence, and the evidence warrants the amount of the verdict.

Appellee sued for damages to himself and as next friend for two of his boys. He pleaded (1) that upon the invitation and signal of the operatives of the engine to cross over he started to drive over the crossing while the engine was at a standstill, and while he was doing so the operatives of the train negligently operated the car so as to strike the wagon and knock it off the track; and (2) that while the engine and car were standing on the side track he drove on the railroad crossing, and the operatives of the engine, suddenly and without warning, negligently backed the engine and car so near to his wagon and team on the track as to cause the team to take fright and run down the embankment, overturning the wagon. The defendant answered by general denial, and specially pleaded that the appellee was negligent in driving his team so near the moving train as to cause the team to take fright and run to one side of the embankment, overturning the wagon. A verdict was returned by the jury in favor of appellee, but in favor of the company against the two boys.

F. H. Prendergast, of Marshall, for appellant. Beard & Davidson, of Marshall, for appellees.

LEVY, J. (after stating the facts as above). [1] The second clause of the eleventh paragraph of the court's charge is objected to as erroneous, upon the ground that it did not make a recovery, occasioned by the fright of the team while in the act of crossing the railroad, dependent upon the exercise of ordinary care by appellee. The beginning portion of the paragraph required the jury to find, before authorizing a verdict at all for the plaintiff, that plaintiff was exercising ordinary care, both in approaching and going upon the crossing with the wagon.

This portion of the paragraph had relation to both clauses thereof, and would so reasonably have been understood by the jury. The objection would not, we think, afford a ground for reversal. The same clause is further objected to as submitting an issue not made by any evidence. The testimony of the witness Marshall warrants the issue. The ground of negligence submitted was pleaded. The second assignment is overruled.

[2] The third assignment is overruled, as being without injury, for the reason that the court gave a special charge, at the instance of appellant, stating correctly the law applicable to and covering the same point called for in the special charge on which his assignment predicates error in refusing.

The special charge refused and made the basis of error in the fourth assignment was practically given in the court's main charge, as noted by the court in the refusal to further give the special charge, and the assignment is overruled.

All the other assignments have been carefully considered and discussed, and should be, we think, overruled.

The judgment is affirmed.